DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LINDA MICHELLE ANSELM,<br><br>　　　　　Defendant. | ) Case No. 3:03-cr-00044-JKS<br>)<br>)<br>) **OPPOSITION TO ANSELM'S**<br>) **MOTION TO TERMINATE**<br>) **SUPERVISED RELEASE**<br>)<br>)<br>)<br>)<br>) |

COMES NOW the United States of America, by and through its counsel, and hereby opposes defendant's motion to terminate supervised release, filed on May 10, 2006 at docket 27.  Therein, the defendant contends that such termination would be in the interest of justice because she has had no violations for the past

two years, and has paid back $1,400 of the $23,411.11 she owes in restitution. The United States contends that such does not constitute sufficient reason for the defendant's supervised release to be terminated "in the interest of justice" pursuant to 18 U.S.C. § 3583(e)(1).

In fact, the offense the defendant was convicted of, Bank Fraud, was committed while the defendant was on supervised release for another federal felony pursuant to Case No 3:00-cr-0120-JKS. She received no added penalty for the violation of her supervised release in the 2000 case. Moreover, the defendant complains that she has shouldered a disproportionate share of the restitution owed in this case. First of all, she was only ordered to pay restitution that was directly attributable to her wrongdoing. Second, she received a reduced sentence for cooperating with the federal government, and thus received a lesser sentence than several of the other co-defendants. See United States Sentencing Memorandum, attached hereto as Exhibit A. Her co-defendants are finishing out their jail sentence now, whereas the defendant has been out of jail for two years. Presumably she would not have preferred to be in jail for the past two years and thus avoid paying restitution. In any event, her co-defendants are about to be released from jail to help her shoulder the burden of restitution, thus avoiding her current concern.

The defendant has an extensive criminal history and has violated supervised release in the past. Thus, it is important that she continue to be supervised so that she can avoid the pitfalls into which she previously fell. Indeed, immediately before sentencing in this case, the defendant was arrested for driving while intoxicated – while on conditions of pre-trial release. In any event, the defendant has simply lived up to her responsibilities created as a result of her criminal conduct – no more. There is no reason to reward her for simply doing so, nor is it "in the interest of justice" to penalize the victims of her crimes simply because she

//

//

has paid back 6% of their losses and completed less than half her period of supervised release. Accordingly, the United States requests that the defendant's motion be denied.

RESPECTFULLY SUBMITTED this 21st day of May, 2006 in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/ Frank V. Russo
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on May 25, 2006, via:

    (X) Electronic case filing notice

Richard Curtner, Esq.

s/ Frank V. Russo