TIMOTHY M. BURGESS  
UNITED STATES ATTORNEY

FRANK RUSSO  
Assistant U.S. Attorney  
Federal Building & U.S. Courthouse  
222 W. 7th Avenue, #9, Room 253  
Anchorage, Alaska 99513-7567  
Tel.: 907/271-5071

U.S. DISTRICT COURT  
DISTRICT OF ALASKA

2003 SEP -3 PM 1: 31

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. A03-044 CR (JKS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **UNITED STATES' SENTENCING** |
| LINDA MICHELLE ANSELM, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** .................... **10 MONTHS**

**SUPERVISED RELEASE** ........................ **5 YEARS**

**FINE** ......................................... **$.00**

**RESTITUTION** ................................ **$23,411.11**

**SPECIAL ASSESSMENT** ........................ **$100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report in this case. The United States does not dispute the factual findings contained therein, and agrees with the guideline applications as set forth.

Based on the guideline application, the defendant's sentencing range is 15-21 months. By separate filing, the United States has moved this Court to depart down three levels to level seven. This would place the defendant's sentencing range at 8-14 months.

## I.   GUIDELINE APPLICATIONS

### A.   Base Offense Level

The defendant pled guilty and was convicted of one count of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Pursuant to U.S.S.G. § 2B1.1, the offense of conviction provides a **base offense level of 6.**

### B.   Specific Offense Characteristic: Amount of Intended Loss

Based on the copies of checks the defendant gave to Arnsworth, $23,411.11 in checks were counterfeited and cashed. The defendant knew that Arnsworth had an illegal purpose in asking for these checks, as she had been approached by Arnsworth in the Cordova center and he told her about his scheme to cash counterfeit checks. See Presentence Report, attachment A, ¶ 40.

Pursuant to U.S.S.G. § 1B1.3(a)(1)(B), in a case of a jointly undertaken criminal activity, a defendant is held responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Certainly, it was eminently foreseeable that Arnsworth would use these checks in the counterfeit scheme. Thus, she is responsible for Arnsworth's relevant conduct in creating and cashing over $10,000 in checks.

Moreover, the plea agreement in this case acknowledges the defendant's responsibility for this relevant conduct. It provides, in relevant part, "[t]he parties agree that U.S.S.G. § 2B1.1 applies to the offenses charged in the indictment. The parties agree that U.S.S.G. § 2B1.1 provides for a base level of 6 and an increase of 4 levels where the loss is $10,000 or more." The defendant did not reserve the right to contest this enhancement. Nevertheless, defendant appears to contend that, because she asked for the "papers" back, that she is not responsible for the extensive use of such checks. This argument begs the question, "To what extent is the defendant responsible at all, if not the actual conduct of her accomplice?" Taken to its logical conclusion, defendant's argument is tantamount to denying responsibility for her role in the offense. Thus, the defendant's offense level is properly increased by four levels pursuant to U.S.S.G. § 2B1.1(b)(1)(C), **bringing the offense level up to 10.**

C. **Specific Offense Characteristic: Unauthorized Transfer of Identification/Trafficking in Counterfeit Access Device**

Pursuant to U.S.S.G. § 2B1.1(b)(9)(B), the defendant qualifies for a two-level enhancement under this section because she trafficked in unauthorized access devices, pursuant to U.S.S.G. § 2B1.1(b)(9)(B). To "traffic" means to "transfer, or otherwise dispose of to another, or obtain control of with intent to transfer or dispose of." 18 U.S.C. § 1029(e)(5). An access device is defined as "any ... *account number* ... or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value." 18 U.S.C. § 1029(e)(1) (emphasis added). Thus, the bank account numbers defendant stole to give to Arnsworth were "unauthorized access devices." The defendant "trafficked" in these account numbers when she gave them to him.

The presentence report has adopted the United States' position on this issue, and no objections have been made to this finding. Thus, a two-level enhancement should be added, **bringing the offense level up to 12.**

D. **Acceptance of Responsibility**

The defendant pled guilty and accepted responsibility for his crime. Accordingly, she is entitled to a two-level downward adjustment for acceptance

of responsibility pursuant to U.S.S.G. § 3E1.1. Thus, **the defendant's total offense level is 10**.

## II.    SENTENCING RECOMMENDATION

The defendant has a varied criminal history, including felony convictions for robbery, drug trafficking, and now bank fraud. Nevertheless, she was given chances to correct her misdeeds, and in fact was hired by an attorney who represented her in the past. The defendant betrayed that trust. As outlined in the separately filed memorandum under seal, the defendant has attempted to make amends for her conduct. Thus, the United States believes she is entitled to a three-level departure for her conduct. Based on an offense level of 7, and a criminal history category of IV, defendant's sentencing range is between 8-14 months. The United States therefore recommends a sentence of 10 months and restitution to Key Bank of $23,411.11, to be paid jointly and severally with Rashad Arnsworth. A special assessment of $100 is mandatory.

//

//

//

//

//

RESPECTFULLY SUBMITTED this <u>3rd</u> day of September, 2003 in Anchorage, Alaska.

                                          TIMOTHY M. BURGESS
                                          United States Attorney

                                          */s/ Frank V. Russo*
                                          FRANK V. RUSSO
                                          Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing SENTENCING MEMORANDUM was sent to the following counsel of record via:

    (X) U.S. mail
    (X) Hand-delivery

John Pharr
Attorney at Law
733 W. 4th Ave., Suite 308
Anchorage, AK  99501

Barbara Nichols, United States Probation Office

Executed at Anchorage, Alaska on
September 3, 2003

*/s/ Kathy*
Legal Assistant
Office of the U.S. Attorney